IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

United States of America,

   -vs                                                          Cr. A. No. 7:22-cr-0779

McKinley Quarles,

        Defendant.

**DEFENDANT'S MOTION TO SUPPRESS**

**INTRODUCTION:**

The facts concerning probable cause for this traffic stop, the probable cause to remove the occupants from the car and "detain" them, and the legal basis for the warrantless forceable entry into two suitcases in the van being driven by Ms. Copeland, and in which Mr. Quarles was a passenger, need to be determined at an evidentiary hearing.

**HISTORY**

The discovery reveals that on June 14, 2021, at 10:16 P.M., the Duncan Police Department initiated a traffic stop on I-85 northbound. The allegation is that the driver (Defendant Copeland) was traveling "at a high rate of speed" which the Officer paced at 68 miles per hour in an alleged 60 mile per hour zone. The actual stop occurred at or about marker 62. The Officer states, on approaching the car, he smelled marijuana[1] and, on that basis alone, detained the occupants, removed them

---

[1] Ms. Copeland and Mr. Quarles were traveling through States where personal use of marijuana is legal. https://disa.com/marijuana-legality-by-state. Mr. Quarles home address on June 14, 2021, was Maryland. He had substantial work and residence

1

from the vehicle and initiated a search of the car. There were many law enforcement officers at the scene almost immediately and they enforced the officer's detention order for Ms. Copeland and Mr. Quarles.

The search revealed two suitcases for which ownership was not apparent. The presumption at the scene was that the suitcases were owned and possessed by the occupants in the car. Ms. Copeland was asked whether she had the "combination" to the suitcases. She replied she did not. The Officer made a forced, warrantless entry into the suitcases at the scene while the car, all its contents, and the defendants were seized, "detained" and in the exclusive care, custody, and control of law enforcement. Firearms were in the two suitcases. Mr. Quarles is charged with possessing those firearms (Count 1 paragraph 1(c)).

**ARGUMENT AND AUTHORITIES:**

Fourth Amendment analysis is predicated upon the individual asserting the protection having a reasonable expectation of privacy over the place or thing being searched or seized. <u>Carpenter vs. United States</u>, 138 U.S. 2206 (2028). There is

---

connections in Massachusetts. Both Ms. Copeland and Mr. Quarles passed through Virginia to and from their trip. In Maryland the use of marijuana has been decriminalized and in Massachusetts and Virginia it is fully legal. Marijuana has a half-life of 67 days and its odder lingers (https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3570572/#:~:text=Cannabis%20has%20a%20long%20half,of%20residual%20drug%20(62)). If the Officer smelled marijuana, it may have been from its legal use by the occupants who were in a sealed environment. Yet, it does not appear the legal use of marijuana outside South Carolina was part of the Officer's probable cause calculation when he detained, removed the occupants, and performed a full search including the warrantless breaking open of two locked suitcases. These factors are required elements for probable cause analysis in our highly mobile and diverse Nation.

historic tension regarding the application of Fourth Amendment analysis where one claiming an expectation of privacy is a guest in a hotel room or a passenger in an automobile. In <u>United States vs. Drummond</u>, 925 F.3d 681, 688 (4th Cir; 2019) the Court sidestepped the "standing" issue because a valid search warrant had been issued upon a reasonable factual basis (footnote 1 p. 688). The Government raised the issue of standing on the ground that the defendant was a social guest in the room to be searched. In that case, as here, the Government argues the defendant had no possessory interests or reasonable expectation of privacy. The issue is whether the Government can have it both ways. If the defendant possesses the firearms at the traffic stop, for which he is indicted, then he has a reasonable expectation that the Fourth Amendment protections apply. If he does not possess the firearms discovered during the warrantless search, he cannot be indicted for possessing them.

The "standing" issue was addressed in <u>United States vs. Terry</u>, 909 F.3d 715 (4th Cir; 2018). A traffic stop occurred where the defendant was a passenger in a car driven by the owner. The history of law enforcement's investigation extended prior to the stop. The Terry stop was predicated, in part, upon information obtained in violation of the Fourth Amendment. Because the stop was attenuated from the unlawful search (GPS monitor placed upon Terry's car without a warrant) the District Court ruled that Terry's passenger status did not give rise to a reasonable expectation of privacy. That ruling was reversed with a detailed discussion.

Mr. Quarles had a legitimate expectation of privacy as a passenger in a car

that was not owned by either occupant.[2] The application of the Fourth Amendment protection in this case needs a hearing to determine the facts.

June 23, 2023.                                            s/ William H. Ehlies II

_____
WILLIAM H. EHLIES, II
ATTORNEY AT LAW
Post Office Box 605
Belton, South Carolina  29627
Ph 864-232-3503
hank@ehlieslaw.com

**LOCAL CRIMINAL RULE 12.02**

Paragraph 4 of Judge Coggins' Standing Order and Local Rule 12.02 states that attorneys are to consult. Counsel hereby affirms that he reached out to the Assistant United States Attorney concerning the Motion to Suppress.

---

[2] But see Rakas vs. Illinois, 439 U.S. 128 (1978).